UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

SHAWN WOODS,

      Defendant.

17-CR-103-V
ORDER

The defendant, Shawn Woods ("Woods"), is charged in eight counts of a third superseding indictment. Docket Item 85. Count 1 charges Woods and twelve other named defendants with engaging in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); Count 2 charges Woods and others with possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; Count 3 charges Woods and others with engaging in a narcotics conspiracy, in violation of 21 U.S.C. § 846; Count 4 charges Woods and others with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; Count 11 charges Woods and others with assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and 2; Count 12 charges Woods and co-defendant Michael Walker ("Walker") with possession with intent to distribute fentanyl, heroin, butyryl fentanyl, furanyl fentanyl and U-47700, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C) and 18 U.S.C. § 2; Count 13 charges Woods and Walker with maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; and Count 14 charges Woods with possession of

a firearm in furtherance of drug trafficking crimes, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. *Id.*

Woods filed several motions, including a motion to suppress DNA evidence (Docket Item 301); a motion to suppress the use of evidence obtained from his Facebook and Snapchat accounts (Docket Item 262); a motion to suppress the use of evidence seized from his residence at 974 Jefferson Avenue, Buffalo, NY (Docket Item 261); and a motion to suppress his post-arrest statements made to law enforcement, to dismiss Counts 1, 3, and 13 of the third superseding indictment, and to dismiss based on constitutional speedy trial violations (Docket Item 179). The government opposed the motions to suppress and dismiss. Docket Items 211, 274 and 311. After hearing oral argument over the course of several days, Magistrate Judge H. Kenneth Schroeder, Jr., issued a comprehensive Report, Recommendation and Order ("R,R&O"), recommending the denial of all the motions to suppress and dismiss. Docket Item 331.

This Court granted Woods's motion to extend his time to file objections, Docket Item 347, and on September 30, 2019, Woods objected only to that portion of Judge Schroeder's R,R&O that recommended the denial of Woods's motion to suppress DNA evidence. Docket Item 357. The government filed its response on October 15, 2019, Docket Item 376. This Court heard oral argument on October 29, 2019. *See* Docket Item 385. For the following reasons, and for those reasons stated on the record on October 29, 2019, this Court adopts Judge Schroeder's R,R&O on the motion to suppress DNA evidence. This Court also adopts Judge Schroeder's R,R&O as to all other motions to which Woods did not object.

# ANALYSIS

If a defendant objects to a magistrate judge's Report and Recommendation with respect to suppression of evidence in a criminal case, the court reviews that Report and Recommendation *de novo*. See 28 USC § 636(b)(1); Fed. R. Crim. P. 59(b)(3). In conducting its review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**Suppression of DNA Evidence Following Federal Arrest**

On June 1, 2017, Woods was arrested in connection with the charges alleged in the pending indictment. As part of Woods's arrest processing, the FBI obtained a buccal swab containing the defendant's DNA. At the time of his June 1, 2017 arrest, Woods was being held in state custody and was present in federal court on a writ of habeas corpus ad prosequendum issued by Judge Schroeder for purposes of his arraignment on the federal charges. In support of his motion to suppress, Woods argues that taking the buccal swab on June 1, 2017, was unlawful because "the government in effect used [Judge Schroeder's] order to effectuate an unconstitutional search." Docket Item 301 at ¶ 12. Judge Schroeder rejected Woods's claim as "totally without legal merit." Docket Item 331 at 14.

Judge Schroeder concluded that once legally taken into federal custody, the agents had the right, as part of the booking process, to take Woods's DNA. This Court agrees.

In his objections, Woods asserts that because the writ of habeas corpus ad prosequendum issued by Judge Schroeder directed that Woods be returned to his place

of confinement after his arraignment, taking his DNA instead of immediately returning him to state custody amounted to an unconstitutional search. But the collection of Woods's DNA was part of his processing on the federal arrest warrant. The mere fact that he was temporarily in federal custody pursuant to a writ for his arraignment on federal charges does not mean that federal agents were precluded from conducting standard arrest processing, including the collection of DNA.

What is more, as the government asserts in its response to Woods's objections,

> [p]ursuant to federal law, federal agents were required to take the defendant's DNA at any one of three events: (1) his federal arrest and processing, (2) the defendant's transfer into federal custody after the dismissal of the local court charges, (3) or his release on conditions by Judge Schroeder.

Docket Item 376 at 4. So even if taking Woods's DNA on June 1, 2017, was somehow not appropriate, his DNA would have been collected shortly thereafter when local charges were dismissed in favor of federal charges. Therefore, this Court also concludes that it was inevitable that the government would have come into possession of Woods's DNA. Accordingly, for the reasons stated above and in Judge Schroeder's R,R&O, Docket Item 331, Woods's motion to suppress DNA evidence is denied.

**Remaining Motions – No Objections Filed**

As noted above, Woods objected only to that portion of Judge Schroeder's R,R&O recommending the denial of his motion to suppress DNA evidence. The time to object to any other portion of the R,R&O now has expired. For that reason, the defendant has waived his right to have the remaining portion of the R,R&O reviewed.

4

*See* Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review."); *see also* Docket Item 331 at 43.

Nevertheless, in its discretion, this Court has carefully reviewed Judge Schroeder's entire R,R&O (Docket Item 331). Based on that review, in the absence of any objection, and for the reasons stated in the R,R&O, this Court adopts the R,R&O in its entirety. Woods's motions to suppress and dismiss are DENIED.

SO ORDERED.

Dated: November 6, 2019
Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE